UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

YI RONG,

     Petitioner,

v.                                                    Case No. 1:25-cv-158-MW-MJF

CONG CAO,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Pursuant to the International Child Abduction Remedies Act, Petitioner seeks to compel Respondent to return Petitioner's child to the United States. Because Petitioner acknowledges that, long before Petitioner initiated this action, Respondent had fled with the child to the People's Republic of China, the District Court lacks jurisdiction and must dismiss this civil action.

### BACKGROUND

Petitioner commenced this action on June 11, 2025. Doc. 1. On March 11, 2026, Petitioner filed her second amended petition. Doc. 12. Petitioner asserts a claim under the International Child Abduction

Page 1 of 5

Remedies Act to force Respondent to return Petitioner's child to the United States. Petitioner alleges the following facts:

- Her child was "born in December of 2017," and thus is a minor.

- Petitioner and her child previously resided in Alachua County, Florida.

- In July 2023, Respondent took the child to China, where the child remains.

*Id.* at 9.

## DISCUSSION

## A.    <u>The International Child Abduction Remedies Act</u>

The 1980 Hague Convention on the Civil Aspects of International Child Abduction is a multilateral treaty that seeks to address "the wrongful removal and retention of children from their country of habitual residence." *Marks ex rel. SM v. Hochhauser*, 876 F.3d 416, 418 (2d Cir. 2017). The Convention "generally requires courts in the United States to order children returned to their countries of habitual residence, if the courts find that the children have been wrongfully removed to or retained in the United States." *Chafin v. Chafin*, 568 U.S. 165, 168 (2013).

Congress implemented the Hague Convention in the International Child Abduction Remedies Act ("ICARA"), 102 Stat. 437, as amended, 22

U.S.C. §§ 9001 *et seq. See Golan v. Saada*, 596 U.S. 666, 671 (2022).

ICARA authorizes a parent who seeks relief under the Convention to file

in a federal court a petition for return of a child. 22 U.S.C. § 9003(a)–(b).

**B.    The District Court Lacks Jurisdiction**

ICARA states in relevant part:

**(b) Petitions**

Any person seeking to initiate judicial proceedings under the Convention for the return of a child . . . may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction *in the place where the child is located at the time the petition is filed.*

22 U.S.C. § 9003(b) (emphasis added).

In other words, ICARA requires that a petitioner file a petition only

in the location where the child is located at the time of filing. *Lops v.*

*Lops*, 140 F.3d 927, 936 (11th Cir. 1998); *Peled v. Peled*, 2025 WL

2711374, at *5 (S.D. Ohio. Sept. 23, 2025). "Because ICARA requires

reviewing courts to have personal jurisdiction over the abducted child, a

parent can only file a return petition in the district where the child is

located." *Fernandez v. Bailey*, 909 F.3d 353, 359 (11th Cir. 2018) (citing

*Pielage v. McConnell*, 516 F.3d 1282, 1286 (11th Cir. 2008)). Thus, "a

child's physical presence in the forum at the time of filing is essential."

*Peled*, 2025 WL 2711374, at \*5. A "court in the abducted-to nation has jurisdiction to decide the merits of an abduction claim," *not a court in the nation from which a child has been abducted*. *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 (6th Cir. 1996).

In this case, Petitioner states that Respondent took the child to China in *July 2023*, long before Petitioner commenced this civil action in *June 2025*. Doc. 12 at 9, ¶ 5. The "abducted-to" nation, therefore, is China, not the United States. Under ICARA, the District Court does not have jurisdiction in China to compel the return of Petitioner's child, and thus does not have jurisdiction to address Petitioner's ICARA claim.

When a petitioner files an ICARA petition in a district in which the child was not present at the commencement of the action, the district court must dismiss the action. *See Olagues v. Kousharian*, 177 F. App'x 537, 538 (9th Cir. 2006); *Franco v. Theroux*, 2025 WL 2056156, at \*4 (S.D. Fla. July 9, 2025); *Paplacyzk v. Paplacyzk*, 2025 WL 1296177, at \*4 (S.D. Ga. May 5, 2025).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>4th</u> day of May 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**